IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MELVIN OXLAJ,**<br><br>    Plaintiff,<br><br>vs.<br><br>**DARBY ROAD PUBLIC HOUSE & RESTAURANT, LLC, d/b/a Darby Road Pub, and JONATHAN COHEN, Individually,**<br><br>    Defendants. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

    Plaintiff MELVIN OXLAJ ("Oxlaj" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, bring this Collective Action Complaint against Defendants DARBY ROAD PUBLIC HOUSE & RESTAURANT, LLC, d/b/a DARBY ROAD PUB ("Darby Road"), and JONATHAN COHEN, Individually ("Cohen"), ("Collectively Defendants") and alleges as follows:

**INTRODUCTION**

    1.    Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 <u>et</u>. <u>seq</u>. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

    2.    Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt cooks – who suffered damages as a

1

result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt cook duties, for the Defendants based out of Fanwood, Union County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Darby Road was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Specifically, Defendant routinely purchased materials in its business that were transported through interstate commerce. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, specifically using tools that were moved through interstate commerce in performing their job duties so as to fall within the protections of the Act.

## PARTIES

8. Plaintiff Oxlaj is an adult individual who is a resident of Plainfield, Union County,

New Jersey.

9. Plaintiff Oxlaj was employed by Defendants full time as a cook, performing various cook duties from in or about April, 2013, and is currently working for the Defendants.

10. Upon information and belief, Darby Road is in the restaurant business and serves patrons throughout the State of New Jersey.

11. Upon information and belief, the Darby Road is headquartered in Fanwood, Union County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Darby Road employs individuals to perform labor services on their behalf. Upon information and belief, at all times relevant to this Complaint, the Darby Road's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, Darby Road was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Defendant Cohen is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Cohen has been an owner, partner, officer and/or manager of the Darby Road.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Cohen has had power over personnel decisions at the Darby Road, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

17. Based upon the information preliminarily available, and subject to discovery in this cause, the Darby Road did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

18. Plaintiff Oxlaj routinely worked six (6) days per week and conservatively on average seventy (70) hours per workweek on behalf of Defendants but was not properly compensated for his overtime hours worked.

19. Defendants failed to accurately and contemporaneously record Plaintiff's hours worked each day.

20. Plaintiff Oxlaj was paid a weekly salary of $135.00, regardless of the number of hours he worked in a workweek.

21. Plaintiff Oxlaj was not compensated at a time and one half rate of pay for his hours worked over forty (40) hours in a work week.

22. Upon information and belief, employees similarly situated to Plaintiff were also not compensated properly for their hours worked in excess of forty (40) hours per work week.

23. Upon information and belief, Defendants did not keep accurate and contemporaneous time records of the hours worked of employees similarly situated to Plaintiff.

24. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

25. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

26. This cause of action is brought to recover from Defendants overtime compensation,

liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

27. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

28. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

29. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

30. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt cooks who have worked overtime hours in one or more work periods, on or after February 29, 2011, and were not properly compensated for hours worked in excess of forty (40) within a work week.

31. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

32. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 31 above.

33. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

34. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

35. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

37. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39. Defendants' aforementioned conduct is in violation of the NJWHL.

40. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

6

## JURY TRIAL

41. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff MELVIN OXLAJ, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants, DARBY ROAD PUBLIC HOUSE & RESTAURANT, LLC d/b/a/ DARBY ROAD PUB, and JONATHAN COHEN, individually, for the payment of compensation for all hours due them and overtime compensation due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: February 29, 2016

Respectfully submitted,

/s Jodi J. Jaffe
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 North Harrison Street
Suite 9F, #306
Princeton, NJ 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*