UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MELVIN OXLAJ, | Civil Action No.: 16-1180 (CCC) |
| --- | --- |
| Plaintiff, | |
| v. | OPINION |
| DARBY ROAD PUBLIC HOUSE & RESTAURANT, LLC, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

**I.  INTRODUCTION**

This matter comes before the Court on the Motion of Plaintiff Melvin Oxlaj ("Plaintiff"), to dismiss the Counterclaim of Defendants Brave Spirits, LLC, et al., (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 46 ("Motion")). Defendants opposed the Motion, (ECF No. 47 ("Oppos.")), and Plaintiff replied. (ECF No. 50 ("Reply")). No oral argument was heard. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's Motion is denied.

**II.  BACKGROUND**

Defendants are the former employers of Plaintiff, who brings this suit on behalf of himself and other employees similarly situated in an effort to recover allegedly-owed overtime compensation and related damages. (ECF No. 42 ("Second Amended Compl.") ¶¶ 2, 42). Plaintiff brought suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, on March 1, 2016, before reasserting his claims in an Amended Complaint and Second Amended Collective Action Complaint on August 3, 2016 and June 30, 2017, respectively. (Motion at 1-2).

On July 21, 2017, Defendants filed an Answer to the Amended Complaint which contained the Counterclaim now subject to Plaintiff's Motion to Dismiss. (ECF No. 45 ("Answer")). Defendants' Counterclaim alleges that Plaintiff provided fraudulent identification documents, including a social security card, in order to defraud Defendants and gain employment at Defendants' businesses. (*Id.* ¶¶ 81-95). Defendants further allege that, under the Immigration Reform and Control Act of 1986 ("IRCA"), they were obligated to terminate Plaintiff's employment on discovering Plaintiff's fraudulent documentation, and argue that Plaintiff should be required to "disgorge or otherwise return all monies paid to him by Defendants." (*Id.* ¶¶ 92, 95).

On August 2, 2017, Plaintiff filed the Motion to Dismiss now before the Court. Defendants filed their Opposition on August 22, 2017. Plaintiff filed his Reply Brief on September 12, 2017.

In his Motion, Plaintiff argues Defendants' Counterclaim for fraud should be dismissed because the Court "lacks supplemental jurisdiction to hear this state law claim" and because Defendants have failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Motion at 3-5, 6).

### III. LEGAL STANDARDS

#### A. Rule 12(b)(1)

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No.

15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

### B. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. <u>DISCUSSION</u>

### A. Rule 12(b)(1)

Plaintiff first argues that Defendants' Counterclaim "must be dismissed as this Court lacks

3

supplemental jurisdiction to hear this state law claim." (Motion at 3). "A district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, Defendants' Counterclaim for fraud is tied to those proofs Defendants may offer to defend against Plaintiff's retaliation claim as set forth in Count IV of the Second Amended Complaint. (Second Amended Compl. ¶¶ 69-71). Defendants' common law fraud claim, which addresses Defendants' alleged reasons for terminating Plaintiff, shares a common nucleus of operative fact with Plaintiff's retaliation claim under 29 U.S.C. §§ 215(a)(3), which forms, in part, the basis for this Court's original jurisdiction. (*Id.*). The Court will accordingly assert supplemental jurisdiction over Defendants' Counterclaim.

### B. Rule 12(b)(6)

Plaintiff argues that Defendants' Counterclaim should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) as insufficiently pled. (Motion at 6). In New Jersey, common law fraud requires showing "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997)).

Defendants state a claim for fraud under New Jersey law. Here, Defendants allege the material misrepresentation of fact as Plaintiff's submission of a social security card and a tax document bearing a social security number that did not belong to Plaintiff. (Answer ¶¶ 82-83). Defendants further allege that "Plaintiff knew, or should have known, that the social security

documents which he provided to Defendants [were] not legally obtained by him," (*id.* ¶ 88), and that "Plaintiff did intend Defendants to rely upon his false and fraudulent representation so as to enable him to gain employment." (*Id.* ¶ 87). With respect to reliance, Defendants state that "[i]n reliance upon Plaintiff's representation as to his proper and valid documentation as particularly evidenced by a social security number, Defendants did employ Plaintiff." (*Id.* ¶ 84). Although Plaintiff contends that Defendants have not sufficiently pled damages, Defendants state that "Plaintiff's conduct was intended to mislead Defendants so as to gain monetary benefits to which he would not have otherwise been entitled," (*id.* ¶ 94), and that "Plaintiff should be required to disgorge or otherwise return all monies paid to him by Defendants." (*Id.* ¶ 95). The Court finds that at this stage of the litigation, Defendants have sufficiently pled damages.[1] Accordingly, dismissal of Defendants' Counterclaim is not warranted.

V. **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Dismiss is denied. An appropriate Order accompanies this Opinion.

**CLAIRE C. CECCHI, U.S.D.J.**

Dated: March 14, 2018

---

[1] The Court acknowledges Plaintiff's citation to *Bautista Hernandez v. Tadala's Nursery, Inc.*, which held that "even if [a d]efendant had genuinely been deceived into hiring and later retaining [an undocumented alien], the Eleventh Circuit instructs that recovery under the FLSA would not be foreclosed." 34 F. Supp. 3d 1229, 1237 (S.D. Fla. 2014). The Court, however, is not opining that Plaintiff cannot recover under the FLSA. Rather, the Court finds that at this stage of the litigation, Defendants state a claim upon which relief may be granted.

5